**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

v.                                  Case No. 6:13-cv-1236-Orl-37DAB

JIL K. KATZ; and JOSEPH E. PAPIN,
III,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff/Counter-Defendant's Motion for Summary Judgment on Interpleader Request and on Defendant Jil K. Katz's Counterclaim (Doc. 64), filed March 14, 2014;

2. Response to Plaintiff's Motion for Summary Judgment (Doc. 71), filed May 9, 2014;

3. Defendant Katz's Motion for Summary Judgment on Her Counterclaim Against Plaintiff (Doc. 72), filed May 9, 2014;

4. Defendant Joseph Papin's Response to Plaintiff's Motion for Summary Judgment (Doc. 75), filed May 13, 2014;

5. Plaintiff/Counter-Defendant Metropolitan Life Insurance Company's Response in Opposition to Defendant/Counterclaimant Jil K. Katz's Motion for Summary Judgment (Doc. 78), filed May 27, 2014;

6. Defendant Katz's Reply to MetLife's Response to Defendant Katz's Motion

for Summary Judgment (Doc. 81), filed June 2, 2014; and

7. Plaintiff/Counter-Defendant Metropolitan Life Insurance Company's Reply to Defendant Joseph E. Papin, III's Response to Metropolitan Life Insurance Company's Motion for Summary Judgment (Doc. 82), filed June 3, 2014.

Upon consideration, the Court finds that Plaintiff's motion is due to be granted and Defendant Katz's motion is due to be denied.

## BACKGROUND

This matter arises out of a dispute between siblings over their deceased father's ERISA plan benefits. In 1985, Joseph Papin, Jr. designated his wife Lois Papin as the primary beneficiary of the plan. (Doc. 1-1, p. 30.) His three children—Defendant Joseph Papin, III ("Papin"), Defendant Jil Katz ("Katz"), and Jon Papin—were designated contingent beneficiaries. (*Id.*) Then in 2011, Joseph Papin, Jr. designated Katz as the sole beneficiary of the plan. (*Id.* at 27.) Lois Papin also signed the new designation. (*Id.* at 28.)

Joseph Papin, Jr. died in 2012. (*Id.* at 32.) Papin was named the personal representative of his father's estate. (*Id.* at 34.) Papin also has power of attorney over his mother, who currently lacks capacity due to dementia. (Docs. 57, 68, 73-1.)

Soon after his father's death, Papin notified Plaintiff, the administrator of the plan, that he had just learned of the 2011 designation change and intended to challenge it for undue influence. (Doc. 1-1, p. 34.) Shortly thereafter, Katz filed a claim for the plan benefits. (*Id.* at 36.) Papin then filed a claim for the plan benefits on behalf of his mother. (Doc. 73-1, pp. 2–3.) Plaintiff subsequently notified Defendants of their competing claims and filed this interpleader as a disinterested stakeholder. (Doc. 1-1, pp. 41–42; *see also*

Doc. 1.)

Papin answered the complaint and filed a cross-claim against Katz, alleging undue influence, tortious interference with an expectancy, and a declaration that the 2011 designation is invalid. (Doc. 21.) Katz answered and filed her own cross-claim against Papin. (Doc. 22.) The Court dismissed both cross-claims without prejudice. (Docs. 51, 56.) Papin then refiled his claims against Katz in state court.[1] (Doc. 75, p. 3.)

Katz also filed a counterclaim against Plaintiff, alleging that Plaintiff breached its contractual and statutory duties when it failed to pay Katz the plan benefits. (Doc. 43.) Plaintiff answered the counterclaim. (Doc. 53.)

Plaintiff moved for summary judgment on the interpleader. (Doc. 64.) Katz opposed. (Doc. 71.) Papin responded that he does not object to the entry of summary judgment, but asked that the interpleaded funds be deposited into the registry of the state court for disposition alongside his pending state court claims. (Doc. 75.) Plaintiff replied. (Doc. 82.) Additionally, Katz moved for summary judgment on her counterclaim against Plaintiff. (Doc. 72.) Plaintiff responded. (Doc. 78.) Katz replied. (Doc. 81.) These matters are now ripe for the Court's adjudication.

## STANDARDS

"Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the

---

[1] In addition to the plan benefits at issue in this case, Papin's state court claims also allege that Katz misappropriated other funds belonging to the decedent. (*See* Doc. 75, p. 5.)

3

court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994). "Interpleader action proceeds in two stages. At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (citation and internal quotation marks omitted). "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Id.*

## DISCUSSION

Though framed as a motion for summary judgment,[2] this interpleader action is only at the first stage, at which the Court must determine whether interpleader is proper in order to discharge Plaintiff from this action. *See id.* The Court concludes that it is.

There is no question that Plaintiff was presented with competing claims to the same fund. (*See* Docs. 72-1, 73-1, 74-1.) Papin also explicitly advised Plaintiff that he would sue if Plaintiff paid out the fund to Katz. (*See* Doc. 73-1, p. 3.) "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Langkau*, 353 F. App'x at 248. Thus, interpleader is plainly appropriate here.

Katz counters that interpleader is proper only where the "stakeholder has a good

---

[2] *See, e.g., Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 292 (8th Cir. 1966) (examining an interpleader in which the stakeholder was granted summary judgment and dismissed from the action, and the claimants then turned to divvying up the fund).

4

faith belief that there are conflicting colorable claims," relying on *Michelman v. Lincoln National Life Insurance Co.*, 685 F.3d 887 (9th Cir. 2012).[3] (Doc. 72, p. 5.) However, the *Michelman* standard is not binding on this Court. This Circuit requires only that there be more than "some unnamed and unknown party or parties with a claim to the money"—a low bar indisputably cleared in the instant case.[4] *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974). Therefore, interpleader is appropriate; Plaintiff's motion for summary judgment is accordingly due to be granted[5] and Katz's cross-motion is due to be denied.

This action will now proceed to the second stage, in which the Court must

---

[3] Katz's position on summary judgment differs slightly from her position in the counterclaim itself, though both are unavailing. The counterclaim is framed in terms of Plaintiff's alleged breach of duties in failing to pay Katz the fund (Doc. 43, ¶ 3), whereas her motion for summary judgment is framed in terms of Plaintiff's lack of good faith belief that Papin's claim was colorable (Doc. 72, p. 5). Under either gloss, the counterclaim fails as a matter of law. As described above, the competing claims are colorable and thus interpleader is proper. Further, even if the Court were to consider the issue in terms of breach of duty, Katz has not shown that Plaintiff breached any duty here by failing to pay one of several competing claims. "[B]ecause [the stakeholder] never disputed its duty to pay the proceeds of the policy and has no obligation to defend the claims of adverse claimants in an interpleader action, it cannot have breached its duties by wrongfully withholding payment . . . ." *Langkau*, 353 F. App'x at 249.

[4] Even if *Michelman*'s slightly higher "good faith" standard were to apply, it would be met here because it is not nearly so onerous as Katz contends. *See* 685 F.3d at 894 ("The threshold to establish good faith is necessarily low so as not to conflict with interpleader's pragmatic purpose, which is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." (citation and internal quotation marks omitted)). It requires only a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Id.* The competing claims here were clearly at odds due to the beneficiary change and allegations of undue influence, creating a real and reasonable fear of double liability; contrary to Katz's assertion, there is no need for Plaintiff to inquire further into the merits of the claims. *See id.* ("A 'real and reasonable fear' does not mean that the interpleading party must show that the purported adverse claimant might eventually prevail.").

[5] Plaintiff's motion also sought attorney's fees, the determination of which is premature on the instant record. (Doc. 64, p. 6.) Plaintiff may file a separate motion for fees, which will be referred to the Magistrate Judge for a recommended disposition on entitlement and amount. *See Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986); *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982).

determine the merits of the competing claims to the fund. *See Langkau*, 353 F. App'x at 248. Because the determination of the proper beneficiary depends in part on the language of the ERISA plan itself, *see Liberty Life Assurance Co. of Bos. v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004), this Court has exclusive federal jurisdiction over this matter. *See* 29 U.S.C. § 1132(e)(1). Thus, the Court cannot direct Plaintiff to deposit the fund with the registry of the state court, as Papin requests, because the state court does not have jurisdiction to conduct the second stage of the interpleader inquiry. (*See* Doc. 75.) However, the Court is cognizant of Papin's concern that the state court's pending investigation into the issue of undue influence may lead to inconsistent rulings, as well as Katz's concern that the ongoing cost of this action is squandering the fund. (*See id.* at 5; Doc. 72, p. 8.) The Court will therefore stay the second stage of this case until the conclusion of the state court litigation, both as a matter of comity and to avoid unwarranted dissipation of the fund.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff/Counter-Defendant's Motion for Summary Judgment on Interpleader Request and on Defendant Jil K. Katz's Counterclaim (Doc. 64) is **GRANTED**.

2. Defendant Katz's Motion for Summary Judgment on Her Counterclaim Against Plaintiff (Doc. 72) is **DENIED**.

3. On or before Monday, July 28, 2014:

    a. Plaintiff is **DIRECTED** to deposit the entirety of the fund, plus any applicable interest, into the registry of the Court;

      b. Plaintiff is **DIRECTED** to send a proposed form of judgment to the Chambers email address in Word format (including proposed language regarding discharge and dismissal of Plaintiff and injunctions against Defendants); and

      c. Plaintiff has leave to file a separate, fully documented motion for attorney's fees. *See supra* note 5.

4. Plaintiff's Complaint in Interpleader (Doc. 1) is **APPROVED**. Defendants shall now proceed as adversaries to each other in this action. *See, e.g.*, *Cent. Bank of Tampa v. United States*, 838 F. Supp. 564, 566 (M.D. Fla. 1993).

5. The disposition of the second stage of this action is **STAYED** pending the outcome of the state court litigation. Defendants are **DIRECTED** to file a joint status report on the progress of that litigation on or before Tuesday, October 14, 2014, and every ninety (90) days thereafter.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 14, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Magistrate Judge David A. Baker

7