# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

v.                                  Case No. 6:13-cv-1236-Orl-37DAB

JIL K. KATZ; and JOSEPH E. PAPIN,
III,

        Defendants.

## ORDER

This cause is before the Court on Plaintiff/Counter-Defendant's Amended Motion for Relief from Court's Order Dated August 4, 2014 (Doc. 86), filed August 5, 2014.

The Court entered an Order *sua sponte* denying attorney's fees for Plaintiff's failure to timely comply with the Court's previous Order setting a motion deadline of July 28, 2014. (Doc. 84.) Plaintiff immediately filed the instant motion for reconsideration. (Doc. 86.)

Plaintiff's counsel acknowledges her failure to comply with the Court's Order and, "[w]ith great humility," asks the Court to relieve Plaintiff of the consequences of counsel's "inadvertent error" and "excusable neglect." (*Id.* at 1.) In the Court's experience, virtually all error is inadvertent—whether neglect is excusable is more often in the eye of the beholder. Lack of attention to detail in reading Court Orders is inexcusable absent some circumstance sufficient to justify the careless conduct; this is the essence of the *Pioneer* factors. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 385, 394–95 (1993).

An attorney who thoroughly read the Court's Order simply could not think that the July 28 deadline only applied to the depositing of the fund.[1] However, there have been no prior instances in this litigation in which Plaintiff's counsel has failed to comply with the Court's Orders or has delayed the proceedings. Accordingly, the Court accepts counsel's representation that the error was merely careless and finds in its discretion that the motion is due to be granted. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff/Counter-Defendant's Amended Motion for Relief from Court's Order Dated August 4, 2014 (Doc. 86) is **GRANTED**.

2. Plaintiff/Counter-Defendant's Motion for Relief from Court's Order Dated August 4, 2014 (Doc. 85) is **DENIED AS MOOT**.

3. On or before **Friday, August 8, 2014**, Plaintiff is **DIRECTED** to file a

---

[1] In addition to conceding her error, counsel also asserts that she "inadvertently *misinterpreted* the Court's instructions." (Doc. 86, p. 3 (emphasis added).) The Court must reject this contention. The relevant part of the decree read as follows:

> On or before Monday, July 28, 2014:
> a.  Plaintiff is **DIRECTED** to deposit the entirety of the fund, plus any applicable interest, into the registry of the Court;
> b.  Plaintiff is **DIRECTED** to send a proposed form of judgment to the Chambers email address in Word format (including proposed language regarding discharge and dismissal of Plaintiff and injunctions against Defendants); and
> c.  Plaintiff has leave to file a separate, fully documented motion for attorney's fees.

(Doc. 83, pp. 6–7.) The use of the colon, semicolons, subparagraphs, and conjunctive made the Court's intent crystal-clear. There is no room for interpretation in those directions, nor is the fault on the part of the Court's language. Counsel just did not read the Order carefully.

2

       **verified** motion for fees and costs with supporting time sheets, rates, and authorities. That motion will be referred to the Magistrate Judge for a Report and Recommendation on entitlement and amount.

4. Counsel for all parties are **DIRECTED** to **immediately** meet and confer, **in person**, to attempt to resolve their differences with regard to the proposed judgment that was submitted to the Chambers email. On or before **Wednesday, August 13, 2014**, the parties are **DIRECTED** to submit a revised joint proposed judgment to the Chambers email. Should the parties be unable to agree, the Court will enter an appropriate judgment without any further input from counsel.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record